**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOHNNY DALE TUCKER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-20-979-J |
| | ) |
| LONNIE LAWSON, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, which the Court construes as arising under 28 U.S.C. § 2254 because Petitioner is challenging the validity of his convictions rather than the execution of his sentence. [Doc. No. 1]; *see Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle for . . . attacking the execution of a sentence. A § 2254 petition, on the other hand, is the proper avenue for attacking the validity of a conviction and sentence." (internal citation omitted)). The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 626(b)(1)(B), (C). On review, Judge Purcell recommended that the petition be dismissed upon screening under Rule 4 of the Rules Governing Section 2254 Cases because Petitioner's application for post-conviction relief is still pending with the Muskogee County District Court and, thus, implicates the *Younger* abstention doctrine. [Doc. No. 6]; *see Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (holding that federal courts should not intervene in state criminal prosecutions begun before institution of a federal suit when the state court proceedings (1) are ongoing, (2) offer an adequate forum for a defendant's federal claims, and (3) implicate important state interests).

Despite being cautioned that he must file any objection no later than November 17, 2020, Petitioner did not object and has waived his right to appellate review of the factual and legal issues addressed in the Report and Recommendation. [Doc. No. 1]; *see Cassanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 6] and DISMISSES without prejudice the petition for writ of habeas corpus [Doc. No. 1].

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner. A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has failed to make either showing and the Court denies the COA.

A separate judgment shall be entered.

IT IS SO ORDERED this 7th day of December, 2020.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE